In re the ESTATE OF David W. LANG-HORN, Courtney Ann Behrenhausen, et al., Respondents,

v.

Berry F. LAWS, III, Administrator ad Litem of Estate, Respondent,

Vigilant Insurance Co., Appellant.

No. WD 50626.

Missouri Court of Appeals, Western District.

Sept. 19, 1995.

Paul Paxton Hasty, Jr., Kansas City, for appellant.

Philip R. Dupont, Kansas City, for Courtney Ann Behrenhausen.

Ward K. Brown, Julie Athey, Kansas City, for Berry F. Laws, III.

Before FENNER, C.J., P.J., and KENNEDY and LAURA DENVIR STITH, JJ.

FENNER, Chief Judge.

Vigilant Insurance Company ("Vigilant") appeals from the trial court's denial of its Motion to Intervene to seek a stay of the underlying Jackson County proceeding styled *Behrenhausen v. Laws*, case no. CV93–028641, pending the outcome of a declaratory judgment action filed by Vigilant in the United States District Court for the Western District of Missouri, case no. 94–0638–CV–W–3.

The underlying Jackson County proceeding is based on a petition filed by Courtney and Elizabeth Behrenhausen seeking damages arising out of the alleged wrongful death of their father, Roger Behrenhausen. The petition alleges that on October 25, 1993, their father was murdered at Kansas City International Airport by Grady Motes. The Behrenhausens allege that Motes was hired by David W. Langhorn to kill their father. Shortly after the death of Roger Behrenhausen, on November 5, 1993, Langhorn's body was discovered following an apparent suicide. The Behrenhausens' petition contained two counts, alleging intentional conduct on the part of Langhorn and, separately, negligent failure to summon aid or assistance on the part of Langhorn after he wrongfully placed Roger Behrenhausen in a position of imminent peril or serious bodily injury. Respondent Berry F. Laws, III, is the Personal Representative of the Estate of David W. Langhorn and was sued in such capacity by the Behrenhausens.

Vigilant provided a policy of insurance to Langhorn providing coverage for acts of negligence. Vigilant is providing a defense for Langhorn's estate in the underlying action under a reservation of rights. The attorney hired by Vigilant is actively participating in the litigation.

In addition to providing a defense in the underlying action, Vigilant filed its declaratory judgment action in the United States District Court for the Western District of Missouri on July 1, 1994, seeking a determination by the court that the actions of Langhorn were intentional and not "occurrences" as defined by the policy, thereby excluding them from coverage. Vigilant's Complaint for Declaratory Judgment asserted that it had been notified that some or all of the defendants to the declaratory judgment action claimed that Vigilant's insurance policy provided coverage for the Jackson County wrongful death action. There is no other supporting documentation in the legal file for this allegation other than the Complaint itself.

Less than one week after filing the declaratory judgment action in the federal courts,

and despite the fact that it was providing a defense to Langhorn under a reservation of rights, Vigilant filed a Motion to Intervene for the purpose of seeking a stay of the Jackson County proceedings pending a determination of coverage in the declaratory judgment action. The motion to intervene was denied on January 20, 1995. This appeal followed.

## I. STANDARD OF REVIEW

The applicable standard of review is found in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment of the trial court denying Vigilant's motion to intervene will be reversed if it erroneously declares or applies the law. The burden is on Vigilant, the intervenor, as pleader, to show all the elements required for intervention as of right. *McDaniel v. Park Place Care Ctr., Inc.*, 861 S.W.2d 179, 180 (Mo.App.1993).

## II. INTERVENTION AS A MATTER OF RIGHT

Intervention as of right is governed by Rule 52.12(a), which states that intervention shall be permitted upon timely application if:

[T]he applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

As the rule indicates, a would-be intervenor must meet three requirements in order to intervene as a matter of right: (1) the applicant must have an interest in the subject matter; (2) a disposition of the action that may impede the ability of the applicant to protect that interest; and (3) the applicant's interests are not adequately represented by the existing parties. *Whitehead v. Lakeside Hosp. Ass'n*, 844 S.W.2d 475, 479 (Mo.App. 1992). If an applicant meets these requirements, thereby satisfying the burden of proof, the right to intervene is absolute. *Id.* at 478–79. A motion to intervene may be denied if any one of the requirements is not met. *In re Estate of R.B. Potashnick*, 841 S.W.2d 714, 719 (Mo.App.1992).

Vigilant claims that because it is alleged that Langhorn's actions were covered by the insurance policy issued to him, Vigilant has adequately set forth that it has a claim of interest related to the transaction. A similar argument was set forth by the appellant and rejected by this court in *Whitehead*, stating that "[t]he liability of an insurer as a potential indemnitor of the judgment debtor does not constitute a direct interest in such a judgment so as to implicate intervention as of right in that action." 844 S.W.2d at 479 (*citing* Rule 52.12(a)). The court continued, explaining its position:

[This] is because the insurer does not either "gain or lose from the direct operation of the judgment." *State ex rel. Farmers Mut. Auto. Ins. Co. v. Weber*, [364 Mo. 1159], 273 S.W.2d 318, 321 (Mo. banc 1954). An insurer does not have an interest that implicates the rule until the insurer is called upon to make indemnity as to the judgment. It is when a claim for potential indemnity becomes a demand for actual indemnity that the direct interest [right] of the insurer to intervene in the other action accrues. That "interest" is "only, and nothing more than, the right to some day in some proper forum and cause, litigate its liability upon its above policy." *Id.*, 273 S.W.2d at 322.

*Whitehead*, 844 S.W.2d at 479. There has been no call by any party upon Vigilant to indemnify any judgment premised on the alleged negligent acts of Langhorn. Vigilant could litigate coverage in such a proceeding. *Id.*; *Weber*, 273 S.W.2d at 322. Further, the *Whitehead* court confirms Vigilant's right to litigate the coverage issue in a separate declaratory judgment action. In such an action, Vigilant will not be bound under the doctrines of collateral estoppel or *res judicata* by factual determinations made in the trial court here, as the coverage issue is not a part of the underlying wrongful death claim.

■ Finally, even if Vigilant's claim of interest survived the analysis set forth in *Weber* and *Whitehead*, the only allegation that Langhorn's policy with Vigilant may cover his allegedly negligent actions is contained in Vigilant's Complaint for Declaratory Judgment filed in federal court. There is no such allegation contained in the pleadings of the wrongful death claim in which Vigilant seeks to intervene. Therefore, the only support for Vigilant's claim that it has an interest in the wrongful death action is Vigilant's own self-serving allegation. Standing alone, the self-serving statements of the party seeking intervention are not sufficient to satisfy Rule 52.12(a)(2).

■ The "interest" claimed by a party seeking to intervene as a matter of right must be such an immediate and direct claim upon the very subject matter of the action that the intervenor will either gain or lose by the *direct operation* of the judgment that may be rendered in the action in which intervention is sought. *Emrick v. American Casualty Co.*, 867 S.W.2d 306, 308 (Mo.App. 1993) (*citing Weber*, 273 S.W.2d at 321). Vigilant's interest in the underlying action is merely contingent, for it will be liable only if Langhorn is found to have negligently caused the wrongful death of Roger Behrenhausen, and then applies to Vigilant for coverage. *See Lodigensky v. American States Preferred Ins. Co.*, 898 S.W.2d 661, 666 (Mo.App. 1995). Because Vigilant will not directly gain or lose from the wrongful death judgment, it has not demonstrated an interest sufficient to satisfy the requirements of Rule 52.12(a)(2). Therefore, Vigilant is not entitled to intervention as a matter of right.[1]

## III. IS THERE A PROCEDURAL RIGHT TO INTERVENE FOR THE LIMITED PURPOSE OF SEEKING A STAY OF THE PROCEEDINGS?

■ Vigilant also sought to intervene for the limited purpose of seeking a stay of the

wrongful death action pursuant to language found in *Whitehead* and *State ex rel. Mid–Century Ins. Co. v. McKelvey*, 666 S.W.2d 457, 459 (Mo.App.1984). *Whitehead* specifically states:

> Intervention as of right Rule 52.12(a) is indeed the procedure open to an insurer to meliorate the risk of consequences that attends the refusal to defend on the grounds of noncoverage. An insurer who seeks a declaratory judgment on the question of coverage may apply to intervene in the action against the insured solely for a stay of that proceeding until the adjudication of the declaratory judgment. It is a right of procedure [rather than of interest] that mandamus will compel.

844 S.W.2d at 481 (citations omitted). The parties disagree as to whether the better rule regarding intervention to seek a stay was set out in *McKelvey* or in *Lodigensky*. The latter case disagreeing that intervention for such a limited purpose was proper, stated:

> Insurers must make hard decisions in determining whether to defend a tort action when some issue of coverage is present. We see no fairness, however, in removing the risk of such decisions from the insurer and transferring it to the insured or imposing the hardship of delay on the plaintiff. The insurer has the opportunity to control the litigation by accepting the defense without reservation. If it elects some other course it forfeits its right to participate in the litigation and to control the lawsuit. If its decision concerning coverage is wrong it should be bound by the decision it has made.

*Lodigensky*, 898 S.W.2d at 667 (*citing State ex rel. Rimco, Inc. v. Dowd*, 858 S.W.2d 307, 309 (Mo.App.1993)). We do not believe either *McKelvey* or *Lodigensky* provide a basis

---

1. Even if Vigilant could establish an adequate "interest" in the underlying action, we believe it is clear that Vigilant's ability to protect the interest would not be impaired by the denial of intervention. The Estate of David Langhorn accepted Vigilant's offer to provide a defense under a reservation of rights. Vigilant has retained counsel to defend the Estate in the underlying action and said counsel is an active participant in the litigation. The goal of counsel to limit or prevent any judgment against the Estate is shared by Vigilant. No evidence was presented to the trial court indicating that Vigilant's ability to defend against a potential judgment was impeded.

for relief, however, for even *McKelvey*'s rule would not apply where, as here, Vigilant is defending the underlying wrongful death action on a reservation of rights basis. In *McKelvey*, the insured had rejected the defense under reservation of rights tendered by the insurance company. Vigilant retains the right to determine coverage later.

Vigilant has failed to satisfy the requirements for intervention as a matter of right pursuant to Rule 52.12(a). The judgment of the trial court denying Vigilant's motion to intervene is affirmed.

All concur.

Before REINHARD, P.J., and KAROHL and WHITE, JJ.