Adam PENNEL, et al., Respondents,

v.

Gideon CRIGER, et al., Respondents,

and

Greene County Missouri, Appellant.

No. WD 52902.

Missouri Court of Appeals, Western District.

Jan. 21, 1997.

John E. Turner, Kansas City, for Adam Pennel.

John G. Schultz, Kansas City, for Gideon Criger.

John W. Housley, Springfield, for Green County.

Before LOWENSTEIN, P.J., and BERREY and EDWIN H. SMITH, JJ.

LOWENSTEIN, Judge.

This case involves the denial of the appellant, Greene County's motion to intervene as a matter of right, under Rule 52.12(a)(2) for the purpose to stay proceedings (to which it is not a party) for wrongful death and injuries. The plaintiffs in the underlying suit are the respondents Pennel. The defendant is Criger. In *Ballmer v. Ballmer,* 923 S.W.2d 365, 368 (Mo.App.1996), this court noted that for an intervenor to succeed it must meet all three requirements of Rule 52.12(a)(2): (1) an interest in the subject matter; (2) a disposition of the action

that may impede the ability of the applicant to protect that interest; and (3) the applicant's interests are not adequately represented by the existing parties.

In 1992, Greene County, Missouri issued a letter to its employees stating that under the law of sovereign immunity, it should not provide liability insurance on its employees, but it would defend them on "... any claims constituting exceptions to sovereign immunity." Further, Greene County stated it would satisfy any successfully prosecuted claim provided the employee was "in the course and scope of their employment ..."

In June 1994, Criger, an employee of Greene County (hereafter "the County"), while driving a county dump truck, collided with the Pennel's automobile. Mr. Roger Pennel was injured, his wife was killed, and two of their four children (Adam and Josh) were injured. Through Next Friend, in December 1994, Adam sued his father, Roger, and Criger in a negligence action in Johnson County. In March 1995, Roger Pennel cross-claimed against Criger for his injuries and for the wrongful death of his wife. In June 1995, all four children (including non-passengers Chad and Cara) were allowed to intervene in their father's action for wrongful death, and son, Josh (the other passenger), intervened against his father and Criger for his injuries. The County was never named as a defendant, although Criger had asked that the County defend him, the request was denied.

After a bench trial on December 5, 1995, concerning *only* the *personal injury* petitions of *Mr. Pennel* and *Josh,* the Johnson County Circuit Court found Criger, who was represented by his personal liability carrier, to be one hundred percent at fault and entered respective judgments of $148,215.28 and $164,683.68. (Emphasis added).

On March 12, 1996, Criger made a demand upon the County, based on its January 1992 letter, to satisfy the balance on the two judgments. His insurance carrier had paid policy limits of $25,000 on each judgment. A demand letter on these two judgments was also sent by Josh's attorney to Greene County.

On April 5, 1996, the County filed a petition for declaratory judgment in Greene County Circuit Court. One of the primary stated purposes of the suit was to obtain a declaration that the County's January 1992 letter did not waive nor change the $100,000 and one million dollar limits set out in § 537.610.2 RSMo 1994 and applicable to § 537.600, RSMo 1994 claims.

On April 11, 1996, the County filed in Johnson County, the motion at the heart of the present controversy. It sought to intervene to stay the remaining claims; i.e., the petitions by father and the children for wrongful death and the personal injury action of Adam, *not* to "... litigate issues of liability or damages. Instead, appellant is only seeking to intervene for the limited purpose of seeking a *stay of those proceedings until* the pending *declaratory judgment* action is *concluded.*" (Emphasis added). Counsel for Mr. Pennel and counsel for the children opposed the motion saying they were ready to proceed to trial, and by granting the motion, the court would cause undue delay. The motion was denied. The County has appealed.

█ As stated earlier, the sole issue in this suit is the County's appeal of the Johnson County Circuit Court's refusal to allow the County to intervene as a matter of right to stay the remaining actions there until the County's declaratory action in Greene County was finally adjudicated.

Relying on *Ballmer v. Ballmer*, 923 S.W.2d 365 (Mo.App.1996) as authority to intervene and stay the remaining claims, Greene County's brief (it waived oral argument) concludes: "[B]y providing appellant with the remedy of obtaining a stay of the underlying Johnson county proceedings pending a determination of the Declaratory Judgment action, this Court will provide Greene County with a method of resolving a good faith coverage dispute with its employee, while reserving the rights of Defendant Criger, as well as Greene County. Once a judicial determination has been made ... to the effect, if any, of the January 20, 1992 letter ... the parties [may] pick up where they left off."

Under *Ballmer*, 923 S.W.2d at 368, the scope of review of a motion to intervene is under the standard stated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The County has the burden to show the elements for intervention of right have been satisfied. In *Ballmer*, State Farm Insurance Company sought to intervene as a matter of right in an underlying action to determine its potential obligations. State Farm was particularly interested in the impact of a proposed settlement agreement reached by the plaintiff and defendant. This court, in addressing the interest element of Rule 52.12, said at page 368:

> As to whether State Farm has an "interest" in the underlying action, this court has stated that "the liability of an insurer as a potential indemnitor of the judgment debtor does not constitute a direct interest in such a judgment as to implicate intervention as a matter of right." *Whitehead v. Lakeside Hosp. Ass'n.*, 844 S.W.2d 475, 479 (Mo.App.1992); see also *Estate of Langhorn v. Laws*, 905 S.W.2d 908, 910 (Mo. App.1995). As we explained in *Whitehead* and *Estate of Langhorn*, an insurer does not have an interest that implicates the rule until the insurer is called upon to make indemnity as to the judgment; it is when a claim for potential indemnity becomes a demand for actual indemnity that the right of the insurer to intervene accrues. 844 S.W.2d at 479, 905 S.W.2d at 910.

In the case at bar, State Farm and the County are in similar situations. There have been no demands made upon the County in the remaining cases it seeks to delay. *Ballmer*, 923 S.W.2d at 369, said there was no "direct call by any party" on State Farm to indemnify any judgment, and nothing in the proposed settlement to constitute a "call for indemnification," for in fact there was no judgment against the insurance company nor its insured. The court concluded at page 369 that State Farm had not established the first of the three elements, "an interest" to justify intervention as a matter of right. As in *Ballmer*, the County has clearly failed to

establish an interest, and therefore has no right of intervention under Rule 52.12.

Neither *Ballmer* nor any other Missouri case provides any reason for the motion to intervene or to stay the remaining cases. No demand has been made upon the County in the remaining cases it here seeks to stay. The cases in which a demand has been made upon the County, have already been reduced to judgment. The County, in the remaining cases, may be a potential indemnitor. There is just no practical reason to delay the plaintiffs' suits under these facts. The County cannot, at this stage of the game, stop the plaintiffs' suits by intervening as a matter of right in their suit versus Criger, to litigate through eventual trial and possible appeal, the effect of a 1992 letter in the context of the sovereign immunity statutes.

The delay caused by this appeal of the denial of the motion to intervene and the request to stay independent litigation, without basis nor any legal foundation for ultimate success by way of appeal, will not go unnoticed. Surprisingly, the County did not see fit to present oral argument here in support of its request to overrule the trial judge. An appeal is frivolous under Rule 84.19 if it presents no justiciable question and is easily seen as devoid of merit and has little prospect of success. *Papineau v. Baier*, 901 S.W.2d 190, 192 (Mo.App.1995). One of the reasons for the rule is "to protect the appellate dockets from delay in the resolution of cases with fairly debatable issues." *Dale v. Hardy*, 835 S.W.2d 444, 447 (Mo.App. 1992). This appeal has forced the respondents "to file an unnecessary brief ... and appear for argument." *Vallejo–Davila v. Osco Drug.*, 895 S.W.2d 49, 55 (Mo.App. 1995).

Under these facts, the court would have entered an order assessing Rule 84.19 damages, despite the fact the respondents made no such request. However, since it is unclear whether an appellate court can award Rule 84.19 damages against a county, which is a subdivision of the state, *Baumli v. Howard County*, 660 S.W.2d 702, 705 (Mo. banc 1983), no such ruling will be made.

The judgment of the trial court is affirmed. No costs.

All concur.