### The MARIES COUNTY BANK, Plaintiff–Respondent,

v.

### Edward D. HOERTEL, Personal Representative of the Estate of David Ripka, Deceased, Defendant,

and

### Bank of St. Elizabeth, Defendant–Appellant.

### No. 21145.

Missouri Court of Appeals, Southern District, Division One.

March 31, 1997.

---

Thomas A. Vetter, Matthew A. Clement, Cook, Vetter, Doerhoff & Landwehr, P.C., Jefferson City, for defendant–appellant.

Albert Crump, Jr., Albert Crump, Jr., P.C., Vienna for plaintiff–respondent.

GARRISON, Judge.

This is an appeal by the Bank of St. Elizabeth (Appellant) from the denial of its motion to intervene in a suit filed by The Maries County Bank. We reverse and remand with directions.

The Maries County Bank sued David Ripka (Ripka)[1] on a promissory note and later filed a three-count First Amended Petition, adding Appellant as a defendant. Count I was against Ripka on the promissory note. Count II was also against Ripka seeking a constructive trust on land which Ripka

---

1. Ripka has since died and his personal representative has been substituted for him.

owned at the time he allegedly made misrepresentations to The Maries County Bank. It prayed that the constructive trust be effective as of May 18, 1995, the date of the alleged misrepresentations. In Count III, The Maries County Bank alleged that Appellant claimed an interest in the land by reason of a judgment entered in favor of Appellant against Ripka on December 4, 1995, and an execution sale held on January 25, 1996. The Maries County Bank alleged that it had filed a "prior" notice of *lis pendens,* and consequently prayed for a determination that the constructive trust which it sought in Count II have priority over any claims of Appellant to the land.

Ripka consented to a judgment in favor of The Maries County Bank on Count I of the First Amended Petition. Thereafter, The Maries County Bank filed a Second Amended Petition, amending Count III to allege that Appellant had or might claim an interest in the land by reason of a sheriff's deed arising from the execution sale on January 25, 1996, at which it was announced that Ripka's interest in the land as of December 20, 1995 was what was being sold.[2] It sought a judgment setting aside the execution sale because of its alleged invalidity, as well as a declaration that the constructive trust sought in Count II had priority over any claim of Appellant to the land.

Appellant filed an answer to both Counts II and III of the Second Amended Petition. In its answer to Count III, it admitted that it claimed an interest in the land by reason of the sheriff's deed, and denied that any claim of The Maries County Bank was entitled to priority over its rights.

The Maries County Bank filed a motion to strike Appellant's answer to Count II because that claim was directed solely against Ripka. That motion was subsequently sustained. Appellant then filed its motion to intervene in Count II, which was overruled.

■ On this appeal, Appellant contends that the trial court erred in overruling its motion to intervene as a matter of right pursuant to Rule 52.12(a)(2).[3] Initially, we note that the denial of a motion filed pursuant to that rule is appealable. *State ex rel. Reser v. Martin,* 576 S.W.2d 289, 291 (Mo. banc 1978). Such denial will be reversed if it erroneously declares or applies the law. *Estate of Langhorn v. Laws,* 905 S.W.2d 908, 910 (Mo.App. W.D.1995).

■ In order to be entitled to intervene under Rule 52.12(a)(2), an applicant must show: (1) an "interest" in the subject of the action in which it seeks to intervene; (2) that its ability to protect its interest will be impaired or impeded as a practical matter; and (3) that its interest is not adequately represented by the existing parties. *Ruth L. v. State,* 830 S.W.2d 528, 530 (Mo.App. S.D. 1992). A motion to intervene may be denied if any one of the requirements is not met. *State ex rel. Mercantile Bank v. Pinnell,* 804 S.W.2d 63, 65 (Mo.App.S.D.1991).

■ Appellant argues that it satisfied each of the three requirements under Rule 52.12(a)(2) and was, therefore, entitled to intervene as a matter of right. Specifically, it contends that it has an interest in the land by reason of having purchased it at the execution sale; that its ability to protect its interest in the land will be impaired if not permitted to intervene because The Maries County Bank is seeking to impose a trust on the land which would be effective prior to the date Appellant acquired its interest; and that its interest is not adequately represented by the existing parties because Ripka, as the only party to Count II, confessed judgment on Count I, had not filed an answer to Count II, and no longer owned any interest in the property.

The Maries County Bank disputes Appellant's conclusions in two respects. First, it argues that Appellant conveyed the land to a third party after its motion to intervene was denied and, therefore, no longer has a sufficient interest to require intervention. In support, it cites *In re Estate of Potashnick,* 841 S.W.2d 714, 719 (Mo.App. E.D.1992), for the proposition that the required "interest" does not include a "mere, consequential, re-

---

2. The parties tacitly agree that Appellant purchased the land at the execution sale.

3. All references to rules are to Missouri Rules of Civil Procedure (1996).

mote or conjectural possibility of being affected as a result of the action...." Appellant argues, however, that it conveyed by a warranty deed, and consequently it still has the necessary interest because of the potential that a judgment in favor of The Maries County Bank on Count II would result in a breach of the covenants contained in that deed.

In *Toombs v. Riley*, 591 S.W.2d 235 (Mo. App. W.D.1979), the court discussed the right of a remote grantor to intervene in a quiet title suit. There, the court held that a prior grantor of the land in dispute was entitled to intervene as a matter of right under Rule 52.12(a)(2). *Id.* at 238. In doing so, it said that the "interest" required for intervention under the rule "is a practical direction for the disposition of litigation to encompass as many presumptively affected persons as may be compatible with the avoidance of multiple suits and the demands of due process." *Id.* at 236. The court concluded that the grantors had a sufficient interest to require intervention because they faced liability under their warranty of good title from an adjudication of the claim in which they sought to intervene. *Id.* The same reasoning applies in the instant case. Appellant's "interest" was not defeated by its subsequent warranty deed.

■ Secondly, The Maries County Bank argues that even if Appellant still has a sufficient interest in the land, it has not made a sufficient showing of the second element required to intervene as a matter of right, i.e., that its ability to protect its interest in the property will be impaired or impeded as a practical matter. It contends that the only showing which Appellant made of that requirement was the conclusory statement contained in its motion that the disposition of Count II, "if it is only against [Ripka] as claimed by [The Maries County Bank], would impede [Appellant's] ability to protect its interest in the real estate...."

In support, The Maries County Bank cites *Estate of Langhorn v. Laws*, 905 S.W.2d at 911, for the proposition that conclusory, self-serving statements of the party seeking intervention are insufficient to satisfy the requirements of Rule 52.12(a)(2). That case,

however, involved the efforts of a liability insurer to intervene in an action against its insured for the purpose of seeking a stay of the proceedings in order to facilitate a separate declaratory judgment action which it had filed. Although the appellate court affirmed the denial of the motion to intervene primarily on another ground, it did say that, "[s]tanding alone," the self-serving statements of the insurer in its separate declaratory judgment action that its policy may cover the insured's alleged acts were insufficient to satisfy the requirements of Rule 52.12(a)(2). *Id.* at 911. The court noted, however, that there were no allegations in the suit in which intervention was sought indicating that the insurer had an interest as contemplated by the rule. *Id.* It also noted that even if such an interest existed, the insured was being defended by the insurer under a reservation of rights, and, consequently, there was no indication that the insurer's ability to protect its interests would be impaired by denying the intervention. *Id.*

Contrary to *Langhorn*, here The Maries County Bank acknowledges, by its allegation in the Second Amended Petition, that Appellant claims an interest in the land by reason of the sheriff's deed, and that it seeks a declaration that its interest has priority over Appellant's. Appellant alleges in its motion that it has such an interest in the land; that The Maries County Bank is seeking to impose a constructive trust on the land which would be effective prior to the time it acquired its interest; that if Count II proceeds against only Ripka, Appellant's ability to protect its interest would be impeded; and that Ripka no longer claims an interest in the land and, as a result, Appellant's interests would not be adequately protected by him.

■ The language of Rule 52.12(a) was broadened in 1972 so that "the present rule requires only that the applicant show that 'the disposition of the action may *as a practical matter* impair or impede his ability to protect that interest....'" *State ex rel. St. Joseph Ass'n of Plumbing, Heating & Cooling Contractors, Inc. v. City of St. Joseph,* 579 S.W.2d 804, 806 (Mo.App. W.D.1979). "The ultimate and essential issue is whether or not there is anything in this record which

will support the second element of the test under Rule 52.12—that the intervenor's interest will be impaired or impeded as a practical matter if it is not permitted to intervene." *Id.* at 807. The major purpose of the rule is "to facilitate the determination of all related disputes in one proceeding, and thereby avoid a multiplicity of actions." *Id.* at 806 (quoting *State ex rel. Hughes v. Smith,* 485 S.W.2d 646, 651 (Mo.App. W.D. 1972)). The rule should be liberally construed so as to permit broad intervention. *Id.*

Considered in that context, the record here and the allegations of Appellant's motion adequately demonstrate the existence of the second element for intervention as a matter of right. The order denying Appellant's motion to intervene is reversed with directions that the trial court enter an order permitting the intervention.

BARNEY, P.J., and PREWITT, J., concur.