**Thomas A. LeCHIEN,**
**Intervenor/Appellant,**

**and**

**A.G. Enterprises, Inc., an Illinois**
**Corporation, Plaintiff,**

**v.**

**ST. LOUIS CONCESSIONS, INC.,**
**and Floyd C. Warmann, De-**
**fendants/Respondents.**

**No. ED 77665.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 31, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 14, 2000.

Application for Transfer Denied
Jan. 23, 2001.

A.J. Bronsky, St. Louis, MO, for Appellant.

Thomas A. Connelly, St. Louis, MO, for respondents.

CRANDALL, Judge.

Proposed intervenor, Thomas A. Le-Chien (hereinafter "intervenor"), appeals from the trial court's denial of his motion to intervene in an action on a promissory note between plaintiff, A.G. Enterprises, Inc., and defendants, St. Louis Concessions, Inc. and Floyd C. Warmann, after the court entered summary judgment in favor of defendants in the underlying action. We affirm.

In 1993, plaintiff brought the underlying action against defendants, seeking to collect on a promissory note executed by defendants in the amount of $2.4 million plus interest. The note provided for defendants to enter into an agreement to develop a casino on the St. Louis riverfront. Plaintiff and defendants also signed a letter of intent providing, in pertinent part, that if the agreement for the casino development did not close within six months, plaintiff would have an "interest in any subsequent riverfront gambling development." In March 1999, the trial court found that the promissory note and letter of intent (hereinafter collectively referred to as "documents"), when read together, made the parties' intent ambiguous and ruled that extrinsic evidence would be allowed to show the parties' intent. In November 1999, defendants moved for summary judgment, on the basis that they were not obligated to pay because their payment was conditioned on the casino development, which had not occurred. In February 2000, the trial court entered summary judgment in favor of defendants. The court based its decision on intervenor's testimony in an unrelated federal criminal case that the note was payable only if a casino opened for business and that the note had no value because no Missouri casino license was issued.

Intervenor was the attorney who drafted the documents. He filed a "Petition to Intervene" and alleged in his introductory paragraph that he brought it pursuant to Rule 52.12(b). His petition alleged that the trial court made rulings regarding the promissory note that "could impair and impede [his] interests and defenses in a threatened legal malpractice action"; that plaintiff notified him of its "intent to file suit against [him] for professional negligence"; that the trial court ruled that the documents when read together were ambiguous and granted defendants' motion for summary judgment; and that the rulings of the trial court were "potentially adverse to [his] ability to defend any professional malpractice action brought by [plaintiff]." He requested intervention on the ground that "the Court's judicial interpretations potentially can impede the rights and interests . . ., in any professional negligence case and due to the apparent unwillingness of plaintiff to protect or fight for their interests." He alleged that he could provide additional parole evidence and argument with respect to the court's determination of ambiguity in the promissory note. The court denied the petition for intervention, finding that intervenor "had no interest in the note or letter of intent." Intervenor appeals.

In his first point, intervenor contends the trial court erred in denying his petition to intervene on the basis of 52.12(a) when he expressly based the petition on Rule 52.12(b).

Rule 52.12 provides for two types of intervention: intervention of right and permissive intervention. Rule 52.12(a)(2) indicates that the intervenor must establish three requirements to intervene as a matter of right: (1) an interest in the subject matter; (2) a disposition of the action that may impede the ability of the applicant to protect that interest; and (3) the applicant's interests are not adequately represented by the existing parties. A motion to intervene may be denied if any one of the requirements is not met. *Ballmer v. Ballmer*, 923 S.W.2d 365, 368 (Mo.App. W.D.1996). The major purpose of the rule is to facilitate the determination

of all related disputes in one proceeding, thereby avoiding a multiplicity of actions. *Maries County Bank v. Hoertel,* 941 S.W.2d 806, 810 (Mo.App. S.D.1997).

Rule 52.12(b)(2) pertains to permissive intervention and gives the trial court discretion to grant intervention "when an applicant's claim or defense and the main action have a question of law or fact in common." Intervenor claims that the court should have granted permissive intervention under that subsection, the subsection under which he explicitly requested intervention.

Although intervenor specifically referred to Rule 52.12(b) in the opening paragraph of his petition to intervene, we judge a pleading by its substance and content, not just by its heading or title. *See Farmers State Bank v. Place–Wiederholt,* 747 S.W.2d 170, 172 (Mo.App.1988). Here, the content of intervenor's petition tracked the language of Rule 52.12(a). The petition alleged that the rulings of the trial court with respect to the documents in the underlying action could "impair and impede" his "interests" in a threatened legal malpractice action and that the plaintiff in the underlying action had an "unwillingness ... to protect or fight for their interests." These allegations addressed the three requirements of Rule 52.12(a)(2).

In addition, the petition did not allege that there was a "question of law or fact in common" between the underlying action and the threatened legal malpractice action. Thus, the substance and content of his petition did not reflect the language of Rule 52.12(b) and did not invoke that subsection. Despite intervenor's reference to Rule 52.12(b) in his introduction, his petition to intervene was best construed as one for intervention of right under Rule 52.12(a), not as one for permissive intervention under Rule 52.12(b). The trial court did not err in viewing the petition as one seeking intervention as a matter of right. The trial court merely responded to the petition and adopted language identical to that used therein when it found that intervenor did not have an "interest" in the underlying litigation to justify the grant of intervention. Intervenor's first point is denied.

■ In his second point, intervenor contends the trial court erred in denying his petition to intervene because his economic interests and his ability to defend the threatened legal malpractice action could be prejudiced by the trial court's finding in the underlying action that there was an ambiguity in the documents drafted by him.

■ The type of "interest" required to intervene as a matter of right in an action must be a direct and immediate claim to, and have its origin in, the demand made or the proceeds sought or prayed by one of the parties to the original action. *Augspurger v. MFA Oil Co.,* 940 S.W.2d 934, 937 (Mo.App. W.D.1997). It must be such an immediate and direct claim upon the very subject matter of the action that the would-be intervenor will either gain or lose by the direct operation of the judgment that may be rendered therein. *Id.*

Here, intervenor alleged that he would be prejudiced in a "threatened" legal malpractice action. The threat of a malpractice action to possibly be brought against him in the future, however, was merely speculative. In addition, intervenor did not claim an immediate and direct claim upon the promissory note which was the subject of the underlying litigation. This is not a situation where the failure to include the intervenor in the litigation would result in multiple suits over the same subject matter. *But see Maries County Bank,* 941 S.W.2d at 809 (interest of intervenor sufficient to grant right to intervene where intervenor had an interest in the land by reason of a sheriff's deed and where party to underlying litigation claimed an interest in the same land by reason of a judgment). Any interest intervenor had in the underlying litigation was conjectural and did not justify intervention

as a matter of right. Intervenor's second point is denied.

The judgment of the trial court is affirmed.

AHRENS, P.J. and JAMES R. DOWD, J., concur.