

# SUPREME COURT OF MISSOURI
## en banc

JEROMY McCRACKIN, )    *Opinion issued December 23, 2024*
                               )
      Respondent, )
                               )
v. )    No. SC100578
                               )
TYNAN MULLEN, )
                               )
      Respondent, )
                               )
and )
                               )
SAFECO INSURANCE COMPANY )
OF AMERICA, )
                               )
      Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY
**The Honorable Cory L. Atkins, Judge**

Safeco Insurance Company of America appeals the circuit court's judgment overruling its motion to intervene in the wrongful death action Jeromy McCrackin filed against Tynan Mullen for the death of McCrackin's son ("Decedent"). Safeco sought intervention for the sole purpose of seeking to stay the wrongful death action until a separate declaratory judgment action filed in federal court could be resolved. The declaratory judgment action sought determination of whether Safeco had a duty to defend

or indemnify Mullen. Because Safeco had a right to intervene in the wrongful death action pursuant to Rule 52.12(a)(2)[1] for the limited purpose of seeking to stay the action, this Court vacates the circuit court's judgment and remands the case for further proceedings consistent with this opinion.

## Background

Decedent was shot and killed outside a pool hall in 2019. Safeco had issued a homeowners insurance policy to Mullen's grandmother, with whom Mullen allegedly lived at the time of the shooting. The policy was in effect at the time of Decedent's death. The state indicted Mullen for first-degree murder and armed criminal action for his alleged involvement.[2] Mullen pleaded guilty to first-degree involuntary manslaughter and armed criminal action.

In February 2022, McCrackin filed a wrongful death action against Mullen and three others, alleging the four defendants lured Decedent from the pool hall to a parking lot where they ambushed, shot, and killed him. Mullen never requested Safeco defend him against the wrongful death action under the Safeco policy and, instead, hired separate counsel to defend him.

McCrackin sent Safeco a letter identifying Mullen as an insured under the homeowners policy. McCrackin offered to settle the wrongful death claim against Mullen in exchange for Safeco's agreement to pay the total liability coverage limits.

---

[1] All rule references are to Missouri Court Rules (2023).
[2] The state also indicted an accomplice for the same offenses. He pleaded guilty to a reduced charge of second-degree murder and armed criminal action in exchange for a 20-year sentence.

Safeco declined McCrackin's offer and stated the policy provided no coverage for the claim because Decedent's injuries resulted from an intentional act, which the policy excluded from coverage.

McCrackin sought leave in the wrongful death action to file a first amended petition. The amended petition alleged Mullen negligently failed to warn Decedent of the danger posed by Mullen's accomplice. Safeco sent McCrackin another letter, again advising there was no coverage under the allegations of the first amended petition because the policy did not cover Mullen's allegedly intentional and criminal conduct.

Safeco filed a declaratory judgment action in federal district court in December 2022, seeking a declaration that the Safeco policy provided no coverage for McCrackin's claims against Mullen, and, accordingly, Safeco had no duty to defend or indemnify Mullen. Safeco then moved for summary judgment, arguing there was no coverage under either the original or first amended petitions. In response, McCrackin moved to stay the federal declaratory judgment action pending resolution of Mullen's criminal case.

In the wrongful death action, McCrackin sought leave to file a second amended petition against Mullen only, alleging counts of negligence—by participating in a prank resulting in Decedent's death—and failure to warn.

Mullen joined McCrackin's motion to stay the federal declaratory judgment action, arguing resolution of the wrongful death action would either moot the issue of Safeco's duty to indemnify or lead to an equitable garnishment action in which the duty to indemnify would be litigated. The federal court sustained McCrackin and Mullen's

3

motion to stay the federal declaratory judgment action pending resolution of the underlying wrongful death action.

Safeco moved to intervene in the wrongful death action as a matter of right pursuant to Rule 52.12(a)(2) "for the limited purpose of staying proceedings in [the] action until final resolution of its declaratory judgment action."

The circuit court heard arguments on Safeco's motion to intervene. The circuit court ordered additional briefing on the motion to intervene but proceeded to hold a bench trial in the wrongful death action that same day.

The circuit court overruled Safeco's motion to intervene, finding Safeco lacked a right to intervene pursuant to Rule 52.12(a)(2), Safeco was not entitled to permissive intervention, and Safeco was not entitled to a stay of the proceedings in light of the federal court's ruling staying the declaratory judgment action. The circuit court entered a judgment against Mullen for Decedent's wrongful death and awarded McCrackin $16.5 million in damages.[3] Safeco now appeals.[4]

## I. Motion to Intervene

The issue in this case is whether Safeco met the requirements of Rule 52.12(a)(2) to intervene as a matter of right in the wrongful death action for the limited purpose of seeking a stay. Safeco argues the circuit court erred in overruling its motion to intervene

---

[3] McCrackin filed an equitable garnishment proceeding against Safeco and Mullen alleging the Safeco policy provided coverage for the judgment. The circuit court held a bench trial on May 13, 2024. As of the date of this opinion, the circuit court has not yet entered judgment.

[4] After an opinion by the court of appeals, this Court granted transfer. Mo. Const. art. V, sec. 10.

4

in the wrongful death action because, pursuant to section 52.12(a)(2), it had a right to intervene for the limited purpose of staying the action until the federal court resolved its declaratory judgment action.[5]

"The circuit court's judgment regarding intervention as a matter of right will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Allen v. Bryers*, 512 S.W.3d 17, 28 (Mo. banc 2016). "Claims that the circuit court erroneously declared or applied the law are reviewed *de novo*." *Singleton v. Singleton*, 659 S.W.3d 336, 341 (Mo. banc 2023).

The intervention-and-stay procedure was first recognized by the court of appeals in *State ex rel. Mid-Century Insurance Co. v. McKelvey*, 666 S.W.2d 457, 459 (Mo. App. 1984). There, the court explained insurers with coverage questions could seek intervention in the underlying tort action for the sole purpose of seeking a stay of the tort proceedings while coverage questions were litigated in a separate declaratory judgment

---

[5] McCrackin argues Safeco did not preserve this argument because, although Safeco argues in this appeal that its duty to defend created a Rule 52.12(a)(2) interest in the wrongful death action, in its motion to intervene and motion to stay, Safeco informed the circuit court it had a right to intervene and stay the proceedings until "final resolution" of its federal declaratory judgment action. McCrackin contends, because the declaratory judgment petition included a declaration regarding Safeco's indemnification obligations, Safeco sought intervention as Mullen's potential indemnitor. Accordingly, McCrackin alleges Safeco cannot now argue it is entitled to intervene based on its duty to defend. But Safeco's motion to intervene stated a duty to defend is "an interest" in the underlying tort action and explicitly sought intervention for the limited purpose of seeking a stay while the federal declaratory judgment action proceeded. Moreover, Safeco's declaratory judgment petition states, "Safeco seeks a judgment declaring that, under the Safeco Policy, it has no duty to defend or indemnify Mullen with respect to the claims against him[.]" This argument is preserved.

5

action. *Id.* at 459. For the past 40 years, insurers have relied on such instruction, and the court of appeals has consistently echoed the principle set in *McKelvey*.[6] Although the court of appeals has spoken about this issue multiple times over the past 40 years, this Court never has done so.

The result reached in *McKelvey* and its progeny is consistent with Rule 52.12(a)(2). Rule 52.12(a)(2) provides, upon timely application, anyone shall be permitted to intervene in an action:

> [W]hen the applicant claims **an interest** relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may **as a practical matter** impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(Emphasis added).

---

[6] *See Whitehead v. Lakeside Hosp. Ass'n*, 844 S.W.2d 475, 481 (Mo. App. 1992) ("An insurer who seeks a declaratory judgment on the question of coverage may apply to intervene in the action against the insured solely for a stay of that proceeding until the adjudication of the declaratory judgment."); *Ballmer v. Ballmer*, 923 S.W.2d 365, 369-70 (Mo. App. 1996) (noting an insurer that believes it has a valid defense to coverage may file a declaratory judgment action to determine whether its policy provides coverage and ask that the underlying tort suit be stayed until the declaratory judgment action is resolved); *U-Haul Co. of Mo. v. Carter*, 567 S.W.3d 680, 683 n.4 (Mo. App. 2019) ("Missouri courts have expressly advised that insurers with good faith coverage questions in similar scenarios should file a declaratory judgment action simultaneous to the underlying personal injury action and seek a stay of the personal injury lawsuit proceedings until the declaratory judgment action is decided."); *Geiler v. Liberty Ins. Corp.*, 621 S.W.3d 536, 544 n.2 (Mo. App. 2021) (quoting *U-Haul*, 567 S.W.3d at 683 n.4); and *Loveland v. Austin*, 626 S.W.3d 716, 723 n.9 (Mo. App. 2021) (explaining the insurer had the ability to protect its interests by filing a declaratory judgment action seeking to determine its potential liability under the insurer's policy rather than deny liability and refuse to defend the insured).

6

Safeco contends it has ***an interest*** in the wrongful death action and is situated such that the disposition of the wrongful death action may as a ***practical matter*** impair or impede its ability to protect that interest as a potential defender of the claims against Mullen.

Without statutory authority providing otherwise, the requirements to intervene as of right are governed by Rule 52.12(a)(2):

> In the absence of a statute conferring an unconditional right to intervene, Rule 52.12(a)(2) requires an entity seeking to intervene as a matter of right to file a timely motion and demonstrate: (1) an interest relating to the property or transaction which is the subject of the action; (2) that the applicant's ability to protect the interest is impaired or impeded; and (3) that the existing parties are inadequately representing the applicant's interest.

*Bryers*, 512 S.W.3d at 27-28 (internal quotations omitted). It is the proposed intervenor's burden to establish all three elements required for intervention as of right. *State ex rel Nixon v. Am. Tobacco Co.*, 34 S.W.3d 122, 127 (Mo. banc 2000). If the proposed intervenor establishes these elements, "the right to intervene is absolute and the motion to intervene may not be denied." *Id.*

An insurer owes two distinct duties to its insured—a duty to indemnify and a duty to defend. *Piatt v. Ind. Lumbermen's Mut. Ins. Co.*, 461 S.W.3d 788, 792 (Mo. banc 2015). The duty to defend is broader than the duty to indemnify and "arises only from potential coverage based on facts: (1) alleged in the petition; (2) the insurer knows at the outset of the case; or (3) that are reasonably apparent to the insurer at the outset of the case." *Allen v. Cont'l W. Ins. Co.*, 436 S.W.3d 548, 552-53 (Mo. banc 2014). Whether an insurer breached a duty to defend or declined an opportunity to control the litigation

7

impacts the extent to which the insurer is bound by the result of the underlying tort judgment. *Bryers*, 512 S.W.3d at 32-33. "Where one is bound to protect another from liability, he is bound *by the result of the litigation* to which such other is a party, provided he had ... opportunity to control and manage it." *Id.* (alteration in original) (internal quotations omitted). "The standard is whether the insurer had the opportunity to control and manage the litigation, not whether the insurer had the duty to control and manage the litigation." *Schmitz v. Great Am. Assur. Co.*, 337 S.W.3d 700, 709-10 (Mo. banc 2011) (emphasis omitted).

An insurer faces a dilemma when it believes it has a valid defense to coverage. *Ballmer*, 923 S.W.2d at 369). Even if the insurer has a good faith belief that the policy provides no coverage, the insurer risks being bound by the underlying tort action if the insurer wrongfully refuses to defend its insured or declines an opportunity to control the tort litigation. *Bryers*, 512 S.W.3d at 38-39; *see also McDonald v. Ins. Co. of Pa.*, 460 S.W.3d 58, 66 (Mo. App. 2015) (explaining an insurer could not "deny coverage and refuse to defend an insured and then try to re-litigate the damages owed by its insured in an equitable garnishment action").

In *Bryers*, this Court noted an insurer failed to protect its interests in the underlying tort action when it wrongfully refused to defend the insured and filed a declaratory judgment action but failed to appeal the circuit court's judgment overruling its motion to intervene in the tort action. 512 S.W.3d at 35; *see id.* at 41 (Wilson, J., concurring) (explaining the insurer could have intervened in the underlying tort action "as

8

a matter of right" but "ha[d] only itself to blame" for not appealing the denial of its first motion to intervene).

McCrackin, however, argues the intervention-and-stay solution set forth in *McKelvey* should not be followed and cites three court of appeals opinions declining to follow *McKelvey*.[7] But the procedures in *McKelvey* eliminate the risk of the insurer waiving control of the defense and preserve the insurer's opportunity to defend against the tort action.[8] *See Whitehead*, 844 S.W.2d at 481 ("Intervention as of right Rule 52.12(a) is indeed the procedure open to an insurer to meliorate the risk of consequences that attends the refusal to defend on the ground of noncoverage."). "[A]n insurer's obligation to defend is also a *right* to defend" and, "[d]epending upon the language of the policy, once an insurer recognizes its right and duty to defend, it usually is afforded

---

[7] *See State ex rel. Rimco, Inc. v. Dowd*, 858 S.W.2d 307, 309 (Mo. App. 1993); *Lodigensky v. Am. States Preferred Ins. Co.*, 898 S.W.2d 661, 666 (Mo. App. 1995); *Est. of Langhorn v. Laws*, 905 S.W.2d 908, 909 (Mo. App. 1995). Safeco contends all of these cases are distinguishable. In *Rimco*, 858 S.W.2d at 309, the insurer had not attempted to intervene and seek a stay in the tort action, so the court of appeals distinguished the case from *McKelvey*. In *Lodigensky*, 898 S.W.2d at 666, the court characterized *McKelvey*'s discussion about intervention as dicta and declined to follow *McKelvey*'s reasoning approving limited intervention for the purpose of seeking a stay. But in *Lodigensky*, the issue of *McKelvey* intervention was not preserved. *Id.* In *Laws*, 905 S.W.2d at 909, the insurer was defending the insured in the underlying tort action under a reservation of rights. The insurer sought to intervene in the tort action to seek a stay pending a determination of coverage in a separate declaratory judgment action. *Id.* at 910. The court found *McKelvey* did not provide a basis for relief because the insurer was defending the underlying tort action on a reservation of rights basis and in *McKelvey*, the insured had rejected the defense under reservation of rights tendered by the insurance company. *Id.* at 912.

[8] Mullen never requested Safeco's defense; consequently, Safeco did not decline an opportunity to litigate coverage. Whether Safeco breached a duty to defend, however, is not a question presently before this Court.

9

control over the litigation to protect its financial interests." *McCormack Baron Mgmt. Servs., Inc. v. Am. Guarantee & Liab. Ins. Co.*, 989 S.W.2d 168, 170 n.2 (Mo. banc 1999).

McCrackin further cites *State ex rel. Farmers Mutuals Automobile Insurance Co. v. Weber*, 273 S.W.2d 318, 321 (Mo. banc 1954), for the proposition that an insurance company does not have a direct interest in an underlying lawsuit between a claimant and potential insured. *Weber*, however, did not address the limited intervention Safeco seeks. *Weber* reasoned the only interest an insurer had in the underlying tort suit was if it were called to indemnify its insured after the tort judgment was rendered. *Id.* at 322. But *Bryers* is clear an insurer may be bound by the outcome of the tort action based on the insurer's duty to defend. 512 S.W.3d at 32-33. Accordingly, Safeco stands to "gain or lose from the direct operation of the judgment." *See Est. of Langhorn*, 905 S.W.2d at 910 (internal quotations omitted).

Moreover, Rule 52.12(a) should be construed liberally to permit broad intervention. *Maries Cnty. Bank v. Hoertel*, 941 S.W.2d 806, 810 (Mo. App. 1997). For these reasons, insurers situated like Safeco have an interest in protecting their right to defend the underlying tort action pursuant to Rule 52.12(a)(2), which creates the right to intervene for the limited purpose of seeking a stay in a tort action while coverage questions are litigated in a separate declaratory judgment action.

Safeco also meets the remaining requirements to intervene as a matter of right. The disposition of the tort action may, as a practical matter, impair or impede Safeco's ability to protect its interest because, if the tort action concludes prior to the declaratory

judgment action, there is no longer a tort action to defend, even if the federal court determines Safeco had a duty to defend. In addition, Safeco is not adequately represented by existing parties because Mullen and McCrackin sought to resolve the wrongful death action prior to resolving the federal declaratory judgment action. As a result, Safeco met the Rule 52.12(a)(2) requirements for intervention as a matter of right for the limited purpose of seeking to stay the wrongful death action.[9]

Insurers that fail to protect their own interests must live with those consequences. An insurer "cannot have its cake and eat it too by both refusing coverage and at the same time continuing to control the terms of settlement in defense of an action it had refused to defend." *Bryers*, 512 S.W.3d at 32 (internal quotations omitted). But that is not what Safeco sought. Following the recommendation of Missouri appellate courts, Safeco tried to protect its interest in the wrongful death action by filing a declaratory judgment action to determine coverage.

Insurers with good faith coverage questions should file a declaratory judgment action simultaneous with the underlying tort action and seek a stay of the tort action until the declaratory judgment action is resolved. Because Safeco met the criteria for intervention pursuant to Rule 52.12(a)(2), the circuit court erred in overruling Safeco's motion to intervene.[10]

---

[9] McCrackin does not challenge the timeliness of Safeco's motion to intervene in this appeal.

[10] To the extent any case suggests an insurer situated like Safeco does not have a right to intervene in an underlying tort action for the sole purpose of seeking a stay of the tort action while coverage is litigated in a separate declaratory judgment action, such cases should no longer be followed.

## II.     Motion to Stay

Safeco argues the circuit court erred in finding its motion to stay was moot.  The circuit court found Safeco's motion to stay was moot because Safeco had no grounds to intervene.  Because the stay issue was moot, any discussion about this point is hypothetical, and this Court declines to direct the circuit court how it theoretically should have ruled on the motion to stay.  *See McKelvey*, 666 S.W.2d at 459 ("Our permanent writ of mandamus will command the trial court to permit intervention ... for the limited purpose of making application for a stay of proceedings pending the determination of the declaratory judgment action if such an action is promptly filed. (We do not, of course, undertake to direct how any such application should be ruled.)"). [11]

## Conclusion

The circuit court's judgment is vacated, and the case is remanded for further proceedings consistent with this opinion.

_____
Mary R. Russell, Chief Justice

All concur.

---

[11] In the future, it is advised that insurers file the declaratory judgment action in the same court as the tort action whenever possible.  Such practice will ensure coverage questions can be determined in a consistent manner to prevent unnecessary delay of the underlying tort action.