Donnie TOOMBS and Annie Toombs, Plaintiffs-Respondents,

v.

Floyd E. RILEY, Defendant and Third-Party Plaintiff and Respondent,

v.

JACK SIMPSON CONTRACTOR, INC., a Missouri Corporation, Third-Party Defendant and Third-Party Plaintiff and Respondent,

v.

Curtis E. ZWONITZER and Cora B. Zwonitzer, Third-Party Defendants and Appellants.

No. KCD 30463.

Missouri Court of Appeals, Western District.

Dec. 3, 1979.

Channing D. Blaeuer, Cynthia A. Suter, Blaeuer & Suter, Moberly, for third-party defendants and appellants.

J. David Collins, Macon, for Toombs.

Rex V. Gump, Moberly, for Riley.

Marion E. Lamb, Moberly, for Simpson.

Before SHANGLER, P. J., and SWOFFORD and CLARK, JJ.

SHANGLER, Presiding Judge.

This appeal comes from an order to deny intervention to [second] third-party defendants Zwonitzer, the remote warrantors in a chain of title to certain real estate.

The plaintiffs Toombs sued one Riley for an adverse claim of title and occupancy of a portion of their land. Count I sought to quiet title to the land in the plaintiffs. Count II was for damages for trespass. Count III sought ejectment and damages. The defendant Riley answered that he held title to the land under warranty deed, and by third-party petition, made claim against

his grantor, [first] third-party defendant Simpson, under the warranty of title of the conveyance, for indemnity for any recovery had by Riley. The trial court then granted the plaintiffs Toombs a separate trial of the issues on their petition. *Thereafter*, Simpson brought grantors Zwonitzers into the litigation as [second] third-party defendants for indemnity under the warranty of title of the conveyance to Simpson. The [second] third-party defendants moved to consolidate the actions or, alternatively, to intervene as defendants in the action by Toombs against Riley. The alternatives of the motion were denied and appeal ensues.

The [second] third-party defendants Zwonitzer assert intervention as of right to the original action. In the absence of a statute which confers unconditional intervention, to maintain such a right the applicant must show [Rule 52.12(a)(2)]: (1) an interest in the subject matter in which intervention is sought, (2) that ability to protect the interest will be impaired as a practical matter, and (3) that the interest of the applicant is not adequately represented by the parties. As intervention Rule 52.12(a) stood prior to the year 1972 amendment,[1] the *interest* which preconditioned intervention of right was a "direct claim upon the very subject matter of the action [so that the] invervener will either gain or lose by the *direct operation* of the judgment." *State ex rel. Farmers Mutual Automobile Insurance Co. v. Weber*, 364 Mo. 1159, 273 S.W.2d 318, 321[4] (banc 1954). The amended Rule 52.12(a)(2) rescripts the federal Rule 24(a)(2) and adopts its rationale: to. divert inquiry from doctrinaire principles of res judicata to practical considerations to determine the *interest* which qualifies for intervention. *State ex rel. St. Joseph, Missouri Association of Plumbing, Heating and Cooling Contractors, Inc. v. City of St. Joseph*, 579 S.W.2d 804, 806[3, 4] (Mo.App.

1979); 7A Wright and Miller, Federal Practice and Procedure, Civil § 1908, p. 512 (1972). The *interest* for intervention under amended Rule 52.12(a)(2), therefore, is a practical direction for the disposition of litigation to encompass as many presumptively affected persons as may be compatible with the avoidance of multiple suits and the demands of due process. *Nuesse v. Camp*, 128 U.S.App.D.C. 172, 385 F.2d 694, 700 (1967); *State ex rel. Hughes v. Smith*, 485 S.W.2d 646, 651[7, 8] (Mo.App.1972).

The pleadings and exhibits amply prove an *interest* for intervention. They show that Toombs seeks to quiet title to a portion of land encompassed in the Simpson grant to defendant Riley. The Simpson grant derives entirely from the Zwonitzers who, in turn, face liability for breach of their warranty of good title to Simpson from an adjudication for the plaintiffs Toombs. The intervention of the Zwonitzers relates to the essential issue between the Toombs and Riley and so does not encumber that primary action but rather avoids an additional suit. The *interest* of the [second] third-party defendants Zwonitzer for intervention is shown.

The second element for intervention under Rule 52.12(a)(2)—the effect the disposition of the action between the Toombs and Riley may have on the ability of the Zwonitzers to protect their interest—is cognate to the first: the nature of their interest. 7A Wright & Miller, supra, l.c. § 1908, p. 495. A judgment for the Toombs against Riley does not bind the Zwonitzers on strict principles of res judicata, but such an adjudication effectively prevents them from the full impact of their proof that the title they conveyed was free from defect. In practical terms [which the rule enjoins be applied], exclusion from that primary action enfeebles the effect of evidence available only to the Zwonitzers.[2] The legal conse-

---

1. Rule 52.12(a)(2) prior to amendment:

   "(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an *action:* . . . (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action . . . ."

2. The intervention motion was ruled on the arguments of counsel. The record does not preserve these presentations, so there is no intimation what actual evidence the Zwonitzers propose.

quence of admission evidence of a party-witness, for instance, becomes merely impeachment evidence of a non-party-witness. Furthermore, the *stare decisis* effect of a judgment for Toombs, affirmed on appeal, would impair the Zwonitzers *as a practical matter* from the advancement of their interest anew. *Atlantis Development Corporation v. United States*, 379 F.2d 818, 828[8, 9] (5th Cir. 1967).

The third element for intervention as of right remains—whether the Zwonitzer interest in the validity of the Riley title will be adequately represented by Riley. A "serious possibility" that the interest of the applicant may not be adequately represented suffices this requirement. *Nuesse v. Camp*, supra, l.c. 128 U.S.App.D.C. 182, 385 F.2d 704. The appearances are that the Riley defense of title coincides with the Zwonitzer interest. The two are potential adversaries, however, since the liability of the one derives from the liability of the other. In fact, the Zwonitzers are the last resort of liability of *all* predecessors in the chain of title. The absentee Zwonitzers, therefore, cannot be told to look for adequate representation to Riley, a putative opponent.

■ The third element of Rule 52.12(a)(2) allows intervention of right when the first two requisites are met—an interest shown and an impaired ability to protect that interest in the absence of intervention—"unless the applicant's interest is adequately represented by existing parties." The federal precedents hold that, where the first two requisites for mandatory intervention are met, the third element requires only the "minimal showing" that the representation "may be" inadequate. *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 (1972). The authoritative commentary on the federal practice, 7A Wright and Miller, supra, suggests even [l.c. § 1909, p. 521]:

> [I]t seems entirely clear that the effect of this change is to shift the burden of persuasion. Before the amendment the intervenor had to satisfy the court that the representation of him was or might be inadequate. Now he is to be allowed in, if the other conditions of the rule are satisfied, unless the court is persuaded that the representation of him is in fact adequate.

See, also, *Nuesse v. Camp*, supra, l.c. 128 U.S.App.D.C. 180, 385 F.2d 702. Whatever may be the true allocation of burden of persuasion on this element of the rule, the notes of the Advisory Committee on this clause of the rule report: "[T]he question of representation and its adequacy, released from specific connection with res judicata, is to be decided without fetishes of form . . . and with due attention to the character of the litigation and to its condition at the time of the application to intervene." The character of the litigation considered, the denial of intervention to the Zwonitzers was error. The essential litigation between the Toombs and Riley disputes the title to a portion of land which, if established according to the Toombs contentions, renders the successors in title—and ultimately the Zwonitzers—liable for breach of covenant of good title. That two of the counts of the Toombs petition are for damages for trespass, ejectment and damages does not alter the reality that title to a portion of the land conveyed through the Zwonitzers to Riley is the main subject of litigation. § 527.150, RSMo 1978; *Lortz v. Rose*, 346 Mo. 1212, 145 S.W.2d 385, 387[6–9] (1940). Thus, the claim for intervention rests on an interest in the very property which is the subject of the primary action. Such a conjunction of interests suffices for intervention as of right. *Atlantis Development Corporation v. United States*, supra, l.c. 829. Thus, the addition of the Zwonitzers will not encumber the original action with any extraneous issue. Their exclusion, on the other hand, raises "serious possibility" that their interest and ability to protect that interest may be seriously impaired.

The intervention Rule 52.12(a)(2) subserves the purpose that the Rules of Civil Procedure "shall be construed to secure the just, speedy and inexpensive determination

of every action." Rule 41.03. The denial of intervention to the Zwonitzers in the circumstances presented undermines that remedial objective.

The judgment is reversed with directions that the trial court enter an order for intervention.

All concur.