Amy MILLER et al., Plaintiffs,

v.

J. Kenneth BLACKWELL,
et al., Defendants.

No. C–1–04–735.

United States District Court,
S.D.Ohio,
Western Division.

Oct. 27, 2004.

Virginia Conlan Whitman, Cincinnati, OH, for Plaintiffs.

Richard Nicholas Coglianese, Nick A. Soulas, Jr., Patrick J. Piccininni, Columbus, OH, Terry R. Griffith, Sandusky, OH, William M. Todd, Columbus, OH, for Defendants.

ORDER GRANTING PLAINTIFFS' MO-TION FOR A TEMPORARY RE-STRAINING ORDER AND THE MOTION TO INTERVENE OF KEVIN CRAFT AND GREG LAW-SON.

DLOTT, District Judge.

This matter comes before the Court on Plaintiffs' Motion for a Temporary Restraining Order (doc. # 2) and the Motion to Intervene of Kevin Craft and Greg Lawson (doc. # 5). Plaintiffs Amy Miller, Mindi Haddix, and the Ohio Democratic Party (collectively, "Plaintiffs") filed both the Complaint for Declaratory and Injunctive Relief (doc. # 1) and the Motion for a Temporary Restraining Order (doc. # 2) on October 26, 2004. For the reasons set forth below, the Court **GRANTS** Plaintiffs' Motion. The Court also **GRANTS** Craft's and Lawson's Motion to Intervene (doc. # 5).

## I. BACKGROUND

Plaintiffs in this case are Amy Miller, Mindi Haddix, and the Ohio Democratic Party. Amy Miller and Mindi Haddix have sued on their own behalf and on behalf of those similarly situated ("Plaintiff

Voters").[1] The Ohio Democratic Party has sued on its own behalf and on behalf of its members. Defendants in the case are J. Kenneth Blackwell, the Ohio Secretary of State, in his official capacity, as well as the Lawrence, Scioto, Cuyahoga, Franklin, Medina, and Trumbull County Boards of Elections, and all of the Boards' members in their official capacities.

Plaintiffs bring their claims pursuant to 42 U.S.C. § 1973gg–9 and 42 U.S.C. § 1983. Plaintiffs allege that the timing and manner in which Defendants intend to hold hearings regarding pre-election challenges to the Plaintiff Voters' voter registration violate both the National Voter Registration Act and the Due Process Clause of the Constitution. According to the complaint,[2] the Republican National Committee has engaged in an effort to challenge voters' eligibility, culminating in the October 22, 2004 filing of pre-election challenges to the eligibility of approximately 35,000 Ohio voters. (Cmplt.¶¶ 16, 24.) The challenges were aimed at newly registered voters in 65 counties. (Id. at ¶ 24.) The challenges alleged that the voters were ineligible to vote because a nonforwardable mailing that was sent to each of the voters from the Ohio Republican Party was returned, which shows that these voters intend to vote in a precinct in which they are ineligible to vote. (Id. at ¶¶ 24–25.)

Plaintiffs Miller and Haddix each signed an affidavit attesting that she is a registered voter residing in the precinct in which she is registered. (Miller declaration ¶¶ 1–3; Haddix declaration ¶¶ 1–2.) Both Miller and Haddix attest that they understand that someone has filed a formal pre-election challenge against their eligibility to vote with the Medina County Board of Elections, claiming that they do not reside in the respective precincts in which they registered to vote. (Miller declaration ¶ 5; Haddix declaration ¶ 6.) Finally, both attest that they have not received notice of a hearing regarding the challenge to their respective voter eligibility, but that they were aware that the Medina County Board of Elections scheduled a hearing regarding the challenges on Thursday, October 28, 2004, which neither can attend. (Miller declaration ¶ 9; Haddix declaration ¶ 8–9.)

The Court conducted a telephone conference with counsel for all parties on the morning of October 27, 2004. Counsel for then-proposed intervenor defendants Kevin Craft and Greg Lawson also participated in the phone call.[3] Counsel for each

---

1. Plaintiffs have requested that the Court certify a class of plaintiffs similarly situated to Plaintiffs Miller and Haddix. The Court will issue an order on class certification following this Order. In the meantime, the Court hereby certifies a class of Plaintiff Voters pursuant to Federal Rule of Civil Procedure 23. The Court defines the class as "all persons who have registered to vote in the State of Ohio whose eligibility to vote was challenged by the Ohio Republican Party's voter challenges submitted on October 22, 2004 and whose eligibility their County Board of Elections intended to challenge before the General Election to be held on November 2, 2004." The Court appoints Plaintiffs Miller and Haddix as joint class representatives, and appoints their counsel, Ms. Virginia Whitman, as class counsel.

2. Plaintiffs have filed a complaint and a motion for temporary restraining order supported by appropriate affidavits. Since the facts alleged in these papers have not yet been denied or contradicted by countervailing evidence, they must be accepted as true. See O'Connor v. Bd. of Educ., 449 U.S. 1301, 1301, 101 S.Ct. 72, 66 L.Ed.2d 179 (1980).

3. Kevin Craft and Greg Lawson have moved to intervene as a matter of right in the current action under Federal Rule of Civil Procedure 24(a)(2); they alternatively move for permissive intervention under Rule 24(b). Rule 24(a)(2) provides that a party seeking to intervene must establish four elements: (1) the application must be timely; (2) the intervenor must have a substantial legal interest in the subject matter of the action; (3) the interve-

of the County Boards of Elections advised the Court that their respective clients had sent notice or intended to send notice to between 14 and 17,000 challenged voters within their respective counties advising them that their voter registration had been challenged and that a hearing would be held on their eligibility pursuant to Ohio Revised Code Section 3503.24.[4] Counsel advised the Court that these hearings had been set for various times, ranging from later that afternoon, Wednesday, October 27, 2004, at 4:30 p.m. to Saturday, October 30, at 8 a.m. Counsel also advised the Court that the notices were or would be sent to the address that the Counties had on file—presumably the same address as that on the returned mail that is the basis of these challenges.

The Court took Plaintiffs' Motion under consideration and conducted another telephone conference on the afternoon of October 27, 2004 with counsel for all parties. At the afternoon conference, the Court rendered an oral decision granting the Plaintiffs' Motion for a Temporary Restraining Order to stay in effect until the Court rules on a preliminary injunction. The Court announced that it would issue a written Order of the Court's decision restraining Defendants sometime later that day. The Court also announced its intention to hold an evidentiary hearing in the case on Friday, October 29, at 10:30 a.m. Counsel for Defendant Blackwell, Defendant Franklin County Board of Elections, and the Intervenor Defendants requested that the Court issue a stay of the tempo-

---

nor's ability to protect that interest may be impaired in the absence of intervention; and (4) the parties already before the court may not adequately represent the intervenor's interest. *Stupak–Thrall v. Glickman*, 226 F.3d 467, 471 (6th Cir.2000). Rule 24 should be broadly construed in favor of potential intervenors. *Id*, (quoting *Purnell v. Akron*, 925 F.2d 941 950 (6th Cir.1991)).

Craft's and Lawson's motion to intervene is clearly timely, as it was filed the day after Plaintiffs filed suit and the suit had not yet progressed. As Craft and Lawson have filed pre-election voter eligibility challenges under Ohio Revised Code section 3503.24 and wish to see those challenges through to a resolution, they have a substantial legal interest in the subject matter of the action. Regarding the third element of Rule 23(a)(2), an intervenor must show only the possibility of impairment of its substantial legal interest should intervention be denied. The Sixth Circuit has held that burden to be minimal. *Grutter v. Bollinger*, 188 F.3d 394, 399 (6th Cir.1999) (internal quotations omitted). As the time-sensitive nature of a case may be a factor in the intervention analysis, *see Michigan State AFL–CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir.1997), and here time constraints would not permit Craft and Lawson to bring separate actions to protect their rights, intervention is appropriate. Finally, Craft and Lawson have interests divergent from those of the

County Boards of Elections and Secretary of State Blackwell. The latter seek an efficient and accurate electoral process revolving around Ohio election laws. Craft and Lawson are concerned primarily with maintaining a process by which to challenge the eligibility of registered voters prior to the election in order to prevent possible dilution of their own votes. As Craft and Lawson have met the four elements of a Rule 24(a)(2) analysis and allowing them to intervene will not delay proceedings nor prejudice other parties to the case, their *motion to intervene (doc. # 5)* is granted.

4. Section 3503.24 provides:

Any qualified elector of the county may challenge the right to vote of any registered elector not later than eleven days prior to the election. Upon receiving such a challenge, the director must set a time and date for a hearing before the county board of elections and send notice to the challenged voter. The notice must be sent by first class mail no later than three days before the day of any scheduled hearing, and the hearing must be held no later than two days prior to any election. Finally, if the board decides that the voter is in fact not entitled to have his or her name on the voter registration list, the board must remove that person's name from the list.

rary restraining order pending the appeal, and the Court denied their request.

## II. JURISDICTION AND STANDING

The Court has jurisdiction to consider this case under 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4). Nevertheless, this Court would lack jurisdiction to proceed if Plaintiffs lack standing to pursue this case. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Thus, this Court must consider Plaintiffs' standing before reaching the merits of Plaintiffs' Motion for a Temporary Restraining Order.

If the Court determines that any one of the Plaintiffs has standing, the Court has jurisdiction and may proceed with the case. *See Carey v. Population Servs. Int'l,* 431 U.S. 678, 682, 97 S.Ct. 2010, 52 L.Ed.2d 675 (1977) (recognizing that when at least one plaintiff has standing to challenge all aspects of asserted claims, a court need not determine the standing of other plaintiffs). When a court considers whether a plaintiff has standing to pursue preliminary relief or whether a plaintiff has standing pursuant to a motion to dismiss, standing is determined by analyzing the material allegations in the complaint, which must be accepted as true. *See Okpalobi v. Foster,* 190 F.3d 337, 350 (5th Cir.1999) (courts analyze standing for both motions for preliminary injunction and motions to dismiss based on the material allegations of the complaint); *see also Haskell v. Washington Tp.,* 864 F.2d 1266, 1276 (6th Cir.1988) (reversing district court's grant of defendant's motion to dismiss on ground that plaintiff lacked standing because allegations in complaint were sufficient to establish standing). The Court therefore determines whether Plaintiffs have standing for purposes of the Motion for a Temporary Restraining Order by considering the allegations in Plaintiffs' Complaint.

Standing involves two levels of inquiry: 1) whether the plaintiff has shown that a "case or controversy" exists, which can be shown by proving actual injury or injury in fact likely to be redressed by a favorable decision; and 2) whether the plaintiff is the proper proponent of the rights on which the action is based. *See Planned Parenthood Ass'n of Cincinnati, Inc. v. City of Cincinnati,* 822 F.2d 1390, 1394 (6th Cir.1987).

■ Plaintiff Voters have standing to bring this case against Defendant Blackwell because he has issued a directive to the County Boards of Elections to issue notice and conduct hearings in a manner that implicates and likely infringes upon their rights to vote and their rights to due process. By the same token, Plaintiff Voters have standing to bring this case against Defendant County Boards of Elections because they are the entities implementing the procedures that likely infringe upon Plaintiff Voters' constitutional rights. *See* Ohio Rev.Code § 3503.24.

■ Plaintiff Ohio Democratic Party has standing to bring this case on its own behalf and on behalf of its members. *See Sandusky County Democratic Party v. Blackwell,* 387 F.3d 565, 573–74 (6th Cir. 2004) (political party has standing to sue on behalf of its third party members); *Bay County Democratic Party v. Land,* Nos. 04–10257–BC, 04–10267–BC, 2004 WL 2345560, *1, *13–14 (E.D.Mich. Oct.19, 2004) (holding that political party had standing to bring suit against Michigan Secretary of State and election officials where plaintiffs were challenging Secretary of State's directive under a state law that allegedly abridged plaintiffs' members' right to vote and federal election law); *see also Northhampton County Democratic Party v. Hanover Tp.,* No. Civ. A.04–CV–00643, 2004 WL 887386, *6–8 (E.D.Pa. Apr.26, 2004) (holding that po-

litical party had standing to bring suit on behalf of its members). Even so, it would ordinarily be improper to certify a class unless each plaintiff had a claim against each member of the defendant class. However, courts have found that this requirement is not necessary in plaintiff class actions where, as here, the members of the proposed class are juridically linked. *See, e.g., Payton v. County of Kane,* 308 F.3d 673, 679 (7th Cir.2002) (citing *Fallick v. Nationwide Mut. Ins. Co.,* 162 F.3d 410 (6th Cir.1998)).

Thus, because Plaintiffs have made sufficient allegations in their complaint that they face a direct and substantial risk of the deprivation of their constitutional rights by Defendants, they have standing to bring this action.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 65 authorizes the Court to grant a temporary restraining order. When deciding whether to grant preliminary injunctive relief, the Court considers four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of preliminary injunctive relief would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunctive relief. *See Leary v. Daeschner,* 228 F.3d 729, 736 (6th Cir. 2000); *see also Mason County Medical Ass'n v. Knebel,* 563 F.2d 256, 261 (6th Cir.1977).

## IV. ANALYSIS

### A. Strong Likelihood Of Success On The Merits

The Supreme Court has held that "[n]o right is more precious in a free country than that of having a voice in the election of those who make the laws under which, as good citizens, we must live. Oth-er rights, even the most basic, are illusory if the right to vote is undermined." *Wesberry v. Sanders,* 376 U.S. 1, 17, 84 S.Ct. 526, 11 L.Ed.2d 481 (1964). The right to vote, which Plaintiffs allege is threatened here, implicates a liberty interest protected by the Due Process Clause of the Fourteenth Amendment. *Bell v. Marinko,* 235 F.Supp.2d 772, 777 (N.D.Ohio 2002).

The timing and manner in which the Defendants intend to send notice and conduct hearings regarding Plaintiff Voters' exercise of that right raise grave due process concerns. The Due Process Clause requires notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Dusenbery v. United States,* 534 U.S. 161, 168, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002). The Defendants' intended timing and manner of sending notice is not reasonably calculated to apprise Plaintiff Voters of the hearing regarding the challenge to their registrations, nor to give them the opportunity to present their objections, as demonstrated by the individual situations of Plaintiffs Miller and Haddix. The notice here provides too little time for Plaintiff Voters' to receive the notice—if notice is received at all—given that it seems that Defendants intend to send the notice to an address which has already been demonstrated to be faulty.

Additionally, the timing and manner in which Defendants intend to send notice may discourage Plaintiff Voters from exercising that fundamental right by leading them to believe that they are not eligible to vote. As the Sixth Circuit has recognized in cases involving the infringement of other fundamental constitutional rights, a court may find irreparable injury "stem[ming] from ... 'the fear that, if these rights are not jealously safeguarded,

persons will be deterred, even if imperceptibly, from exercising those rights in the future.'" *See United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Reg'l Transit Auth.,* 163 F.3d 341, 363 (6th Cir.1998) (quoting *Newsom v. Norris,* 888 F.2d 371, 378 (6th Cir.1989)).

Consequently, Plaintiffs have demonstrated a substantial likelihood of success on the merits of their claim. They have made a strong showing that Defendants' intended actions regarding pre-election challenges to voter eligibility abridge the Plaintiffs' fundamental right to vote and violate the Due Process Clause.

### B. Irreparable Injury

█ Because this Court has found that the Defendants' challenged actions threaten or impair both Plaintiffs' constitutional right to due process and constitutional right to vote, the Court must find that Plaintiffs will suffer an irreparable injury if the temporary restraining order does not issue. *See ACLU of KY. v. McCreary County, Kentucky,* 354 F.3d 438, 445 (6th Cir.2003) (citing *Elrod v. Burns,* 427 U.S. 347, 373, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976) (affirming district court's grant of preliminary judgment for plaintiffs who alleged violation of their First Amendment rights)); *see also Overstreet v. Lexington–Fayette Urban County Gov't,* 305 F.3d 566, 578 (6th Cir.2002) ("[c]ourts have also held that a plaintiff can demonstrate that a denial of an injunction will cause irreparable harm if the claim is based upon a violation of the plaintiff's constitutional rights.") Thus, this factor of the inquiry weighs in favor of granting Plaintiffs' Motion for a Temporary Restraining Order.

### C. Substantial Harm to Others

█ Because Plaintiffs have shown a substantial likelihood of success on the merits on the ground that the Defendants' challenged actions are unconstitutional, "no substantial harm to others can be said to inhere in its enjoinment." *See Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville,* 274 F.3d 377, 400 (6th Cir.2001) (citing *Connection Distrib. Co. v. Reno,* 154 F.3d 281, 288 (6th Cir.1998)). Thus, this factor of the inquiry weighs in favor of granting Plaintiffs' Motion for a Temporary Restraining Order.

### D. Public Interest

█ 'It is always in the public interest to prevent violation of a party's constitutional rights.'" *Id.* at 400 (citing *G & V Lounge, Inc. v. Michigan Liquor Control Comm'n,* 23 F.3d 1071, 1079 (6th Cir. 1994)). Thus, the public interest factor of the inquiry also weighs in favor of granting Plaintiffs' Motion for a Temporary Restraining Order.

## V. CONCLUSION

Because Plaintiffs have demonstrated a strong likelihood of success on the merits regarding an alleged violation of their constitutional rights, the other factors to consider in granting a temporary restraining order automatically weigh in Plaintiffs' favor. Because Plaintiffs have made sufficient allegations in their complaint to establish standing, and because all four factors to consider in issuing a temporary restraining order weigh heavily in favor of doing so, this Court **GRANTS** Plaintiffs' Motion for a Temporary Restraining Order (doc. # 2). The Court hereby **ENJOINS** Defendant County Boards of Elections from issuing notices or conducting hearings, including those already scheduled, regarding the pre-election challenges to voter eligibility at issue in this case, and **ENJOINS** Defendant Blackwell from mandating or enforcing such procedures, pending the Court's decision on a preliminary injunction in this case. The Court

also **GRANTS** Craft's and Lawson's Motion to Intervene (doc. # 5).

IT IS SO ORDERED.