

# Missouri Court of Appeals

## Southern District

### Division One

LYNN MYERS and CHARLES BOOTH,    )
                                 )
    Movants-Appellants,    )
                                 )
LIFE360 CHURCH OF THE ASSEMBLIES OF    )
GOD, INC., ROBERT WAYNE BUCHANAN and )
JENNIFER MARIE BUCHANAN,    )
                                 )
    Plaintiffs-Respondents,    )
                                 )
    vs.    )    No. SD32875
                                 )
CITY OF SPRINGFIELD, MISSOURI;    )    **Filed:  August 14, 2014**
BRENDA CIRTIN; BOB STEPHENS, Mayor;    )
JEFF SEIFRIED, City Council Member;    )
CINDY RUSHEFSKY, City Council Member;    )
JERRY COMPTON, City Council Member;    )
CRAIG FISHEL, City Council Member;    )
JAN FISK, City Council Member;    )
CRAIG HOSMER, City Council Member;    )
DOUG BURLISON, City Council Member; and    )
MIKE CARROLL, City Council Member;    )
                                 )
    Defendants-Respondents.    )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Gerald D. McBeth, Senior Judge

*Before Rahmeyer, P.J., Lynch, J., and Scott, J.*

**AFFIRMED**

1

PER CURIAM. Two citizens of the City of Springfield ("the City"), Lynn Myers and Robert Booth ("Appellants"), sought to intervene in a lawsuit against the City brought by the owners of real estate located within the City to enjoin the City from placing a rezoning ordinance on a ballot for the vote of the City's citizens. Appellants claimed a right to intervene as registered voters and signatories to a referendum petition that attempted to force the ballot vote. The trial court denied them the right to intervene. On appeal, Appellants bring four claims of trial court error: the first two claim error in denying the motions to intervene, the third claims error on the grant of the injunction, and the fourth claims error in finding that the referendum provisions of the City Charter conflict with Chapter 89 of the Revised Statutes of Missouri. Although the initial lawsuit was between the owners of the property and the City, the City joined with the owners of the property as to the propriety of injunctive relief and further contended that the City's charter violated Missouri statutes. Thus, the Respondents in this appeal are the property owners and the City.[1]

Appellants complain in their first point that the elements of Rule 52.12(a)(2)[2] were met and, therefore, the trial court erred in refusing to permit them to intervene. Rule 52.12(a) provides:

> **(a) Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

---

[1] Respondents have further filed motions to dismiss or strike Points III and IV of Appellants' brief. We have taken those motions with this case.

[2] All rule references are to Missouri Court Rules (2014), unless otherwise specified.

Appellants do not contend that there is any statute in this state conferring an unconditional right, making subsection (1) of section (a) inapplicable; rather, they contend that they "proved that disposition of the action would impair their interests in seeing the referendum petition enforced and Ordinance No. 6038 submitted to vote of the citizens of the City of Springfield in accordance with the City Charter and that this interest was not adequately represented by the existing parties." Just what is an "interest" in the litigation is the question before us.

We review the denial of a motion to intervene under our traditional standard of deference to the trial court, "[t]hat is, the trial court's decision must be affirmed unless it is against the weight of the evidence, it is unsupported by sufficient evidence, or it either misinterprets the law or misapplies the law." *Mack v. Mack*, 349 S.W.3d 475, 476 (Mo. App. S.D. 2011) (internal quotation omitted). It is the intervenor who must meet all of the requirements. *In re Clarkson Kehrs Mill Transp. Development Dist. v. Minbole, et al.*, 308 S.W.3d 748, 753 (Mo. App. E.D. 2010). The issue in this case is whether Appellants had an interest in the matter and are so situated that disposition of the action may, as a practical matter, impair or impede Appellants' ability to protect that interest. Appellants rely upon their interests as registered voters and as signatories of the referendum petition.

In discussing an interest for purposes of intervention, our Supreme Court held that "[a]n interest necessary for intervention as a matter of right does not include a mere, consequential, remote or conjectural possibility of being affected as a result of the action, but must be a direct claim upon the subject matter such that the intervenor will either gain or lose by direct operation of judgment." *State ex rel. Nixon v. American Tobacco Co.,*

*Inc.*, 34 S.W.3d 122, 128 (Mo. banc 2000).  The Supreme Court affirmed the denial of a motion to intervene filed by taxpayers and potential claimants of a tobacco settlement fund because none of the claimants had a direct interest in the settlement as none of their claims were barred by the settlement.  *Id.* at 127-31.

"The type of 'interest' required to intervene as a matter of right in an action must be a direct and immediate claim to, and have its origin in, the demand made or the proceeds sought or prayed by one of the parties to the original action." *LeChien v. St. Louis Concessions, Inc.*, 33 S.W.3d 602, 604 (Mo. App. E.D. 2000).  "It must be such an immediate and direct claim upon the very subject matter of the action that the would-be intervenor will either gain or lose by the direct operation of the judgment that may be rendered therein." *Id.*  When a party claims intervention as a matter of right, they are asserting that they may be legally bound or prejudiced by any judgment entered in the case. *State ex rel. Reser v. Martin*, 576 S.W.2d 289, 290-91 (Mo. banc 1978).  The question is whether Appellants have a direct and immediate interest in the result of the proceeding. *LeChien*, 33 S.W.3d at 753.  "Direct" is the operative word.

In *LeChien*, the proposed intervenor was an attorney who had drafted documents that were the subject of litigation.  33 S.W.3d at 603.  He claimed that the trial court rulings regarding the promissory note that he had drafted, "could impair and impede his interests and defenses in a threatened legal malpractice action," that plaintiff in the underlying suit had notified him of its intent to file suit against the attorney for professional negligence, and that the trial court rulings were "potentially adverse to the attorney's ability to defend any professional malpractice action brought by the plaintiff." *Id.*  Despite those claims, the trial court denied the attorney the right to intervene. *Id.*

4

Finding that the threat of a malpractice action was speculative and conjectural and there was no immediate and direct claim by the attorney upon the promissory note which was the subject of the litigation, the appellate court sustained the denial. *Id.* at 604-05.

In *Prentzler v. Carnahan*, 366 S.W.3d 557 (Mo. App. W.D. 2012), two citizens claimed a right to intervene in a lawsuit brought by opponents of an initiative petition; the four separate lawsuits contested the official ballot title or the fiscal note of an initiative petition certified by the Missouri Secretary of State. *Id.* at 559-60. The two citizens claimed they had signed the initiative petitions and had contributed money to an initiative petition. *Id.* at 560. The trial court found that the citizens did not have the right to intervene as of right or as a permissive intervention. *Id.* After noting "[t]he proposed intervenor carries the burden of establishing the presence of all three elements required for intervention as a matter of right", the appellate court found that the first element of intervention, requiring an interest relating to the property or transaction, was not met. *Id.* at 561 (internal quotation omitted). "An interest, for purposes of intervention as of right, means a concern, more than a mere curiosity, or academic or sentimental desire." *Id.* (internal quotation omitted). "One interested in an action is one who is concerned in the outcome or result thereof because he has a legal right which will be directly affected thereby or a legal liability which will be directly enlarged or diminished by the judgment or decree in such action." *Id.* at 561-62 (internal quotation omitted).

*Prentzler* addressed a claim by signatories and contributors to an initiative petition challenging the ballot title and fiscal note of a ballot initiative petition concerning consumer credit loans. 366 S.W.3d at 559-60. The trial court found that the citizens failed to show how their interest would not be protected by the Secretary of State and

5

Auditor. *Id.* at 560. In rejecting the signatories and supporters of the petition claims that they had a personal interest in the validity of the initiative petition in seeing the initiative circulated and qualified for the November 2012 ballot and having their signature counted as valid, the court stated, "such interests do not establish that Appellants have a direct and immediate claim upon the subject matter of the underlying [section] 116.190 actions in which they seek to intervene." *Id.* at 562.

The court further explained that a specific statute, section 116.190,[3] permits Missouri citizens to challenge an initiative petition on the basis that its ballot title or fiscal note are insufficient or unfair. *Id.* The court noted that the trial court's "single function is to ask whether the constitutional requirements and limits of power, as expressed in the provision relating to the procedure and form of initiative petitions, have been regarded." *Id.* (internal quotation omitted). The signatories' proposed interests in having their signatures count and qualifying the initiative for the ballot were not at issue in the underlying litigation and the signatories had no direct or immediate interest in the underlying subject matter of the litigation. *Id.* Thus, the signatories and contributors to the initiative petition neither alleged nor demonstrated that they had any direct personal or business interest in the passage or defeat of the initiative petition. *Id.*

Contrary to the lack of a direct or immediate interest in the underlying subject matter of the litigation, in ***Brown v. Wyrick***, 626 S.W.2d 674 (Mo. App. W.D. 1981), and ***Maries County Bank v. Hoertel***, 941 S.W.2d 806 (Mo. App. S.D. 1997), the court found a direct and immediate claim in the underlying litigation to establish an interest for purposes of intervention. In ***Brown***, two Missouri inmates filed suit to change their legal names. *Id.* at 675. The warden of the Missouri State Penitentiary, the director of the

---

[3] All references to statutes are to RSMo 2000, unless otherwise specified.

6

Missouri Division of Corrections, the superintendent of the Missouri State Highway Patrol, and the State of Missouri were granted leave to intervene as of right in each case. *Id.* The interest justifying intervention was the expense incurred in modifying inmates' records and the confusion in the operation of correctional institutions as well as the confusion in checking of warrants and wanted notices by law enforcement officers. *Id.* at 677. Proposed intervenors had an interest sufficient to warrant intervention.

In *Hoertel,* the Bank of St. Elizabeth sought to intervene in a proceeding that Maries County Bank had filed against a debtor seeking to place the debtor's property in a constructive trust. 941 S.W.2d at 807-08. The court found that the Bank of St. Elizabeth had purchased the property at an execution sale and had since conveyed the land to a third party, thus, the underlying suit would cause Bank of St. Elizabeth to face legal liability under its warranty of good title. *Id.* at 809. Thus, intervention was permitted.

Likewise, in *Toombs v. Riley*, 591 S.W.2d 235 (Mo. App. W.D. 1979), Plaintiffs Toombs sued Riley for an adverse claim of title and occupancy of a portion of their land, seeking quiet title, damages for trespass, and ejectment and damages. *Id.* at 235. Riley brought a third-party petition making a claim against his grantor. *Id.* at 235-36. The trial court granted the Toombs a separate trial on their petition. *Id.* at 236. The third-party defendant brought in additional defendants for indemnity under a warranty of title of the conveyance. *Id.* This group of defendants moved to intervene as defendants in the action by the Toombs against Riley. *Id.* Because the last group of third-party defendants was deemed the last resort of liability of all predecessors in the chain of title, the court found that they had a sufficient interest in the litigation between the Toombs and Riley and

would not be adequately represented by Riley, who might be a "putative opponent," and allowed intervention. *Id.* at 237.

None of these cases directly address the interest in this case, however, we find *In re Clarkson Kehrs Mill Transp. Development Dist.*, to be instructive. The owners of 4.26 acres had a contract to sell the property to a buyer that anticipated constructing a supermarket on it. 308 S.W.3d at 751. The owners filed a petition in the Circuit Court pursuant to sections 238.200 through 238.275 seeking to create a Transportation Development District exclusively within the property. *Id.* The city, the county, and the Missouri Highways and Transportation Commission were all named as respondents and were deemed necessary parties pursuant to section 238.2-2.1(4). *Id.* The statute provides that upon authorization of the district's qualified voters, which in this case were the owners of the property, then the district's Board of Directors (which clearly would be appointed by the property owners) could adopt a resolution imposing a sales tax on all the receipts from the retail sales of tangible personal property or taxable services within the district. *Id.* at 751-52.

The city, county, and commission all filed answers to the petition, each stating it did not oppose the creation of the new district. *Id.* at 752. Movants, a group of residents who lived closest to the district and "their interest as the taxpayers who ultimately will be required to fund the district," filed a motion to intervene in the action as of right under Rule 52.12(a). *Id.* at 752-53. The motion was denied by the trial court and affirmed on appeal. *Id.* at 752, 756. The court found these claims that the movants opposed the improvements as neighboring residents and potential taxpayers as "vague, passing," and insufficient to raise movants' specific interest in the proposed transportation project

8

before the trial court. *Id.* at 753. Specifically, the court found that "Movants never presented to the trial court their claimed interest in the improvements proposed as part of the Transportation Project[.]" *Id.*

The court reiterated that movants' interest in the action must be "a direct and immediate claim to, and have its origin in, the demand made or the proceeds sought or prayed by one of the parties to the original action." *Id.* at 753 (internal quotation omitted). "The interest must be so immediate and direct that the would-be intervenor will either gain or lose by the direct operation of the judgment that may be rendered therein." *Id.* (internal quotation omitted). "It does not include a consequential, remote or conjectural possibility of being affected as a result of the action." *Id.*

Here, in contrast to the direct interest shown in the above cases, the proposed intervenors did not present evidence at trial, nor have they provided this Court in their briefing, with any specific interest in the subject matter of the underlying action. Instead, Appellants focus on the City's inadequate representation of Appellants' interest in the underlying proceeding. Appellants contend the filing of a Stipulation of Uncontroverted Facts conceding that the plaintiffs have suffered, and continue to suffer, damages and irreparable harm absent injunctive relief indicates representation contrary to the signatories' position, and they contend the City had no right to stipulate to those issues on Appellants' behalf and on behalf of the other signatories on the referendum petition. However, before this Court can reach the question of whether Appellants' interests are adequately represented by the City, Appellants had the burden to prove what were their interests in the litigation.

The City argued that Appellants had no interest other than a "generalized concern for the promotion of laws" and that neither had pled a "contractual or any type of significant right that distinguishes them from any other member of the citizens of Springfield." That allegation was not rebutted at trial. Appellants merely claim to be signers of the referendum petition; they do not claim to be adjoining landowners, or citizens who claim some specific economic harm. Appellants did not and do not attempt to broaden their claim to an "interest" in the litigation other than their interest is that they were signatories on this initiative petition. That is simply not enough in this case. Appellants do not have a direct interest in the proceedings merely as registered voters and as signers of the petition.[4] Point I is denied.

Appellants claim in their second point that the trial court erred in failing to allow Appellants to intervene on a permissive basis. Permissive intervention is allowed:

> **(b) Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common; or (3) when the validity of a statute, regulation or constitutional provision of this state, or an ordinance or regulation of a governmental subdivision thereof, affecting the public interest, is drawn in question in any action to which the state or governmental subdivision or an officer, agency or employee thereof is not a party, the court may in its discretion notify the chief legal officer of the state or governmental subdivision thereof, and the

---

[4] Appellants cite to *Craighead v. City of Jefferson*, 898 S.W.2d 543 (Mo. banc 1995), for support that they have standing in this case. In *Craighead*, the Supreme Court noted that one of the plaintiffs was a signatory to an initiative petition and thus "no standing issue exists." 898 S.W.2d at 546. A party seeking relief has the burden to show the party has standing. *St. Louis Association of Realtors v. City of Ferguson*, 354 S.W.3d 620, 622 (Mo. banc 2011); *Manzara v. State*, 343 S.W.3d 656, 659 (Mo. banc 2011). "Reduced to its essence, standing roughly means that the parties seeking relief must have some personal interest at stake in the dispute, even if that interest is attenuated, slight or remote." *St. Louis Association of Realtors*, 354 S.W.3d at 622-23 (internal quotation omitted). Standing is not the issue in this case. Here the issue is whether Appellants had a "direct interest" sufficient to permit them to intervene as a matter of right under Rule 52.12(a)(2). Although Appellants' status as registered voters and signatories to the referendum petition may have given them standing to seek relief in an independent lawsuit brought by them, that status is not a "direct interest" that is sufficient to permit Appellants to intervene as a matter of right in an existing lawsuit brought by another person.

state or governmental subdivision may in the discretion of the court be permitted to intervene, upon proper application.

Rule 52.12(b).

We review the trial court's judgment for an abuse of discretion. ***Johnson v. State***, 366 S.W.3d 11, 20 (Mo. banc 2012). Our review is confined to considering whether the trial court's ruling was "clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable to shock the sense of justice and indicate a lack of careful consideration." ***Id.*** (internal quotation omitted). "Judicial discretion is abused when the trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration; if reasonable people can differ about the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion." ***American Tobacco***, 34 S.W.3d at 131 (internal quotation omitted). We find no provision applicable to permissive intervention. Subsection (1) does not apply. As Appellants do not claim a question of fact or law in common with plaintiffs or defendants, subsection (2) does not apply. Appellants are claiming that the validity of the City's ordinance is at issue, however, the governmental subdivision is a party in this suit; therefore, subsection (3) does not apply. As we have determined that Appellants did not have a "direct interest" in the litigation, it was not against the logic of the circumstances to deny permissive intervention. We cannot find that the denial was so unreasonable as to require permissive intervention. Point II is denied.

Because of our disposition of Appellants' first two points, we are without authority to address Points III and IV. We cannot reach the merits of Appellants' claim concerning the court finding the City Charter violates Missouri statutes if Appellants are

11

not proper parties to the suit.  *See **Eckhoff v. Eckhoff***, 242 S.W.3d 466, 468-69 (Mo.

App. W.D. 2008) ("Where a movant's motion to intervene is denied, the movant lacks

standing to appeal from any subsequent order or judgment in the proceeding.").  To reach

the merits would be to give an advisory opinion.  Therefore, we grant Respondents'

motion to strike points III and IV, and express no opinion regarding the propriety of the

trial court's grant of the injunction or whether the City's charter violates a Missouri

statute.

The judgment is affirmed.